Dear Ms. Sadden:
This office is in receipt of your opinion request relative to the investigatory functions of the ombudsman. Specifically, you ask whether facility administrators may prohibit staff from submitting to interviews with the ombudsman.
LSA-R.S. 40:2010.3(A), in pertinent part, provides:
 A. The ombudsman shall have the following functions and responsibilities:
 (1) To visit facilities on a regular basis in order to become acquainted with residents, residents' families, facility administration and facility personnel; to promote community involvement with residents of facilities; to serve as a liaison between residents, residents' families, facility personnel and facility administration.
This provision mandates as part of the ombudsman's duties the visitation of facilities and the familiarization with both facility administrators and personnel. This facilitates the purposes of the office of ombudsman in "assisting residents of facilities within this state and monitoring their care." LSA-R.S.40:2010.2. To argue otherwise would be in direct contradiction of the intent and spirit of LSA-R.S. 40:2010.1 et seq.
You also state in your request that you have been informed that some facility staff have been directed by the facility administrator not to speak to the ombudsman. You also state that these employees have been threatened with termination if they do speak with the ombudsman.
We direct you to LSA-R.S. 40:2010.4(C), which states:
 Willful interference with representatives of the office of the state long term care ombudsman in the performance of their official duties, as defined by state and federal laws and regulations, shall be unlawful. Retaliation and reprisals by a long term care facility or other entity with respect to any resident or employee of a long term care facility for having filed a complaint with or provided information to the office of the state long term care ombudsman is prohibited. Any person who knowingly or willfully violates the provisions of this Section shall be guilty of a misdemeanor and upon conviction punished by a fine of not less than one hundred or more than five hundred dollars.
In this office's opinion, should the allegations as you recite them be true, they are in clear violation of this provision. Not only would the directive not to speak with the ombudsman be willful interference with an ombudsman's duties, but the threat of employment termination would constitute retaliation by the facility in these instances.
You are correct in your determination that these alleged actions by the facility at issue are direct interference with the ombudsman's duties. Should these actions continue, please contact the District Attorney in the appropriate parish or our office's Criminal Division for the enforcement of these provisions pursuant to LSA-R.S. 40:2010.4(C).
I trust this addresses your concerns. Please do not hesitate to contact our office if you need anything further.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received: Date Released:
CARLOS M. FINALET, III Assistant Attorney General